JOHN THURBER *vs.* BENJAMIN MARTIN.

The constant use, by a riparian proprietor, for fifty years, of the waters of a stream, for the purposes of a mill, does not deprive a riparian proprietor above of the right to make a reasonable use of the waters of the stream for like purposes, although he thereby necessarily disturbs the natural flow of the water to the lower mill.

ACTION OF TORT by the owner and occupant of a mill situated on Rocky River in Rehoboth, against the owner and occupant of another mill half a mile higher up on the same stream, to recover damages occasioned by the use of the water of the stream by the defendant for his own mill, in such a manner as to interrupt and hinder the natural flow thereof, and divert it from the plaintiff's mill.

At the trial before *Merrick*, J. the plaintiff produced evidence tending to show that the mill owned and occupied by him was erected fifty or sixty years before any mill was built on the site owned by the defendant, and that it had ever since been in constant use, as far as the supply of water in the stream enabled the successive owners to use it. And he contended that by such use, for such length of time, he acquired an absolute right to have the waters of the stream come to his mill according to their natural flow, without any interruption or disturbance whatever by the defendant in the working and operation of his mill; and requested the presiding judge so to instruct the jury.

Thurber *v.* Martin.

But the judge declined to do so, and instead thereof instructed them " that every riparian proprietor had a right to use the waters of a river or running stream for the purpose of working, operating and propelling artificial works erected upon its banks; that priority of occupation secured to the first occupant the exclusive right to the use of the water to the extent of his occupation; but that priority of use at any particular point upon a stream, however long continued, could never deprive the owner of lands bounded on the stream, at any point above the mill-pond of the first occupant, of the right to have and enjoy a similar use of the water as it passed by his lands; and that therefore the defendant, being a riparian proprietor, had a right, after the plaintiff and those under whom he claimed had maintained and used a mill upon said river for sixty years, or for any greater length of time, to construct a dam across the stream, at any point above the plaintiff's mill-pond, for the purpose of raising a head of water to propel, work and operate his mill erected on land adjoining the stream; but that his right was limited to using the water in a reasonable and proper manner for the propelling, working and operating of a mill of such magnitude only as was adapted and appropriate to the size and capacity of the stream, and the quantity of water flowing therein; that he could not lawfully detain the water in his pond an unreasonable length of time, nor discharge it therefrom in such excessive quantities that it would run to waste, and be lost by the riparian proprietors below; but that he was bound to use the water in such way and manner that every riparian proprietor, at points further down the stream, would have the enjoyment and use of it substantially according to its natural flow, but still subject to such disturbance and interruption as was necessary and unavoidable in and by the reasonable and proper use of it for the propelling, working and operating of a mill of suitable magnitude, adapted and appropriate to the size and capacity of the stream, and the quantity of water flowing therein; and that if it appeared from all the evidence in the case that the defendant's mill was not adapted and appropriate to the size and capacity of the stream, but was disproportionably large and extensive; or if the defend-

ant used the water in an unreasonable manner; and the plaintiff was, in either of these ways, or by either of these means, interrupted or disturbed in the operation of his mill, he was entitled to a verdict commensurate to the injury sustained."

The jury returned a verdict for the defendant, and the judge reported the case for the consideration of the full court; judgment to be entered on the verdict, if the foregoing instructions were correct; otherwise, a new trial to be granted.

*N. Morton*, for the plaintiff. A prior occupancy of a stream for twenty years, without interruption, confers a superior right, to the extent of such occupation. The instructions of the judge recognized a right in the defendant to infringe this right, so far as was necessary for the working of his own mill, and were therefore erroneous. Rev. Sts. *c.* 116, § 2. Angell on Watercourses, §§ 134, 135. *Cary* v. *Daniels*, 8 Met. 477. *Bolivar Manuf. Co.* v. *Neponset Manuf. Co.* 16 Pick. 241. *Bigelow* v. *Newell*, 10 Pick. 348. *Cook* v. *Hull*, 3 Pick. 269. *Baird* v. *Wells*, 22 Pick. 312. *Jewell* v. *Gardiner*, 12 Mass. 311. *Hatch* v. *Dwight*, 17 Mass. 289. *Tyler* v. *Wilkinson*, 4 Mason, 397. *Strickler* v. *Todd*, 10 S. & R. 63. *Liggins* v. *Inge*, 7 Bing. 692.

*C. I. Reed*, for the defendant, cited *Cary* v. *Daniels*, 8 Met. 478; *Pitts* v. *Lancaster Mills*, 13 Met. 156; *Palmer* v. *Mulligan*, 3 Caines, 307; *Merritt* v. *Brinkerhoff*, 17 Johns. 306; *Tyler* v. *Wilkinson*, 4 Mason, 401; *Hetrich* v. *Deachler*, 6 Barr, 32.

SHAW, C. J. The court are of opinion that the law was rightly stated by the judge at the trial; that it was laid down with fulness and accuracy, and with proper qualifications. Every man has a right to the reasonable use and enjoyment of a current of running water, as it flows through or along his own land, for mill purposes, having a due regard to the like reasonable use of the stream by all other proprietors above and below him. In determining what is such reasonable use, a just regard must be had to the force and magnitude of the current, its height and velocity, the state of improvement in the country in regard to mills and machinery, and the use of water as a propelling power, the general usage of the country in similar cases, and all other circumstances bearing upon the question of fitness and propriety

in the use of the water in the particular case. If any party claims a special right to the use of the water, more beneficial to himself, and more burdensome to the riparian proprietors above or below, than what may be called the natural or general right to the reasonable use of the stream, he must establish such right by grant or prescription.

In the present case, there seems to have been nothing to show any use of the stream by the defendant, beyond a reasonable use; or if there was, the instructions were such as tc leave the question of fact fully to the jury, whose province it was to pass upon it.                                            *Judgment on the verdict.*